OPINION
Robert Ater is appealing the judgment of the Champaign County Court of Appeals finding him guilty of escape.
On September 19, 1999, Mr. Ater was released from prison, where he had been incarcerated for assault, to post-release control under the supervision of the Adult Parole Authority. On July 17, 2000, Mr. Ater was arrested for violating four conditions of post-release control. Two of the violations of the conditions of Mr. Ater's parole were (1) absconding from supervision and (2) changing residence without the permission of his parole officer. For the violations, the Adult Parole Authority imposed a 197 day prison sanction on August 8, 2000.
Also, on July 20, 2000, Mr. Ater was indicted on one count of escape, a felony of the third degree. The escape charge was based on the conduct listed in the above two violations of the conditions of parole. Mr. Ater filed a motion to dismiss, claiming a violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. The motion to dismiss was overruled at the final pretrial hearing. On September 6, 2000, Mr. Ater entered a plea of no contest and was found guilty of escape. On September 14, 2000, Mr. Ater was sentenced to two years with the Ohio Department of Corrections with this sentence to be served concurrently with his 197 day post-release control sanction of imprisonment. Mr. Ater filed this appeal from that judgment.
Mr. Ater's sole assignment of error is as follows:
 APPELLANT'S CONVICTION OF, AND SENTENCE FOR, ESCAPE VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, MADE APPLICABLE TO THE STATES THROUGH THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND THE DOUBLE JEOPARDY CLAUSE OF SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
Mr. Ater argues that because he was punished by the Adult Parole Authority with 197 days of incarceration for the same acts for which he was convicted of escape and sentenced to incarceration, his constitutional rights against double jeopardy were violated. We disagree.
In State v. Wellbaum, this court held that imposing both a post-release control violation sanction and a conviction and sentence for escape does not violate the Double Jeopardy Clause of either the United States or the Ohio Constitutions. (September 1, 2000), Champaign App. No. 2000-CA-5, unreported, review denied (2001), 91 Ohio St.3d 1415, certiorari denied (2001), 121 S.C. 2235. We find that the issue in the current case is identical to that determined in Wellbaum and as such we can only conclude that Mr. Ater's rights against Double Jeopardy were not violated by both the Adult Parole Authority's imposition of a sanction of incarceration and the conviction and sentence for escape. Mr. Ater's assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.